01
02
03
04
05
06
07
08
09
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

OSCAR BRAMBILA and ERNESTINA )   CASE NO. C05-0484-RSL-MAT
BRAMBILA-GUZMAN,                              )
                                                              )
          Petitioners,                              )
                                                              )   ORDER GRANTING TEMPORARY
     v.                                                    )   STAY OF REMOVAL
                                                              )
ALBERTO GONZALES, et al.,                )
                                                              )
          Respondents.                            )
_____ )

On March 25, 2005, petitioners filed, through counsel, a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, along with a Motion for Stay of Removal. (Dkt. #1). Petitioners ask this Court to stay their Seattle removal order so that they can file a motion to reopen deportation proceedings in Portland to collaterally attack a 1992 removal order entered *in absentia*. Petitioners allege that they never received notice of the Order to Show Cause ("OSC"), their deportation hearing, or the charges against them, and therefore, their *in absentia* order is unconstitutional and must be reopened. Respondents oppose the motion, arguing that the Immigration Court and the Board of Immigration Appeals ("BIA") lack jurisdiction to reopen the Portland proceeding because the 1992 deportation order was "executed" by petitioners' subsequent voluntary departure from the United States. (Dkt. #8).

Accordingly, the Court does hereby find and ORDER:

(1)     Petitioners' request for a temporary stay of removal pending a decision on the

ORDER GRANTING TEMPORARY
STAY OF REMOVAL
PAGE -1

01 merits of this case (Dkt. #1) is GRANTED.  The standard of review for a stay of removal is set

02 forth in *Abassi v. INS*, 143 F.3d 513, 514 (9th Cir. 1998); *see also Andreiu v. Ashcroft*, 253 F.3d

03 477, 483 (9th Cir. 2001)(en banc)(concluding that 8 U.S.C. § 1252(f)(2) does not limit the power

04 of federal courts to grant a stay of removal).  Under *Abassi*, petitioner must show either: (1) the

05 probability of success on the merits plus the possibility of irreparable harm, or (2) that serious legal

06 questions are raised and the balance of hardship tips in petitioner's favor.  *Abassi*, 143 F.3d at 514.

07 The Court finds that petitioners meet the second prong.

08       As a general rule, a petitioner cannot reopen proceedings to challenge a removal order

09 when that petitioner has voluntarily left the United States after the removal order was entered.

10 *See Ramirez-Juarez v. INS*, 633 F.2d 174, 175-76 (9th Cir. 1980).  However, a petitioner may

11 collaterally attack a final order of deportation if he or she can show that the prior order resulted

12 in a "gross miscarriage of justice."  *See Matter of Farinas*, 12 I & N Dec. 467 (BIA 1967); *Matter*

13 *of Malone*, 11 I & N Dec. 730 (BIA 1966).

14       Petitioners allege that such a gross miscarriage of justice occurred respecting the 1992

15 order, sufficient to justify a collateral attack.  The Court agrees that petitioners have raised

16 substantial due process questions and irregularities in the prior proceedings, alleging that they

17 were denied a full and fair hearing, as well as notice of the charges against them, resulting in an

18 *in absentia* deportation order.  The December 23, 2004, Order of the Immigration Judge

19 presented as evidence in support of petitioners' motion further supports petitioners' position that

20 they did not receive notice of the OSC.  (Dkt #2). Petitioners also assert that because they never

21 received notice of their hearing, the *in absentia* order cannot serve as the predicate to deny relief

22 in the subsequent removal proceedings in Seattle.  Based on all of the above, the Court now finds

23 that the balance of hardships tip in petitioners' favor.

24       (2)     The Court expresses no views at this time as to the merits of petitioners' habeas

25 petition.

26 / / /

ORDER GRANTING TEMPORARY
STAY OF REMOVAL
PAGE -2

01          (3)     The Clerk shall direct a copy of this Order to all counsel of record, and shall

02    forward a copy of this Order to Judge Theiler.

03          DATED this 26th day of April, 2005.

04

05                                                      *Robert S. Lasnik*

06                                             Robert S. Lasnik
                                               United States District Judge
07

08

09    Recommended for Entry

10    this  22nd  of April, 2005.

11

12    s/ Mary Alice Theiler
      United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER GRANTING TEMPORARY
STAY OF REMOVAL
PAGE -3