UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OSCAR BRAMBILA and ERNESTINA BRAMBILA-GUZMAN,<br><br>Petitioners,<br><br>v.<br><br>ALBERTO GONZALES, *et al.*,<br><br>Respondents. | CASE NO. C05-484-RSL-MAT<br><br>REPORT AND RECOMMENDATION |

INTRODUCTION AND SUMMARY CONCLUSION

On March 25, 2005, petitioners filed, through counsel, a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging the lawfulness of their deportation order entered *in absentia*. Petitioners allege that they never received notice of the Order to Show Cause ("OSC"), their deportation hearing, or the charges against them, and therefore, their *in absentia* deportation order is unconstitutional and must be reopened. (Dkt. #1). On May 19, 2005, respondents moved to dismiss pursuant to the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005), arguing that the District Court lacks subject matter jurisdiction to review petitioners' habeas petition. (Dkt. #17). On June 3, 2005, petitioners filed a motion to

REPORT AND RECOMMENDATION
PAGE – 1

transfer the instant case to the United States Court of Appeals for the Ninth Circuit, contending that such transfer is required by § 106(c) of the REAL ID Act. (Dkt. #20).

Having carefully reviewed the entire record, I recommend that petitioners' habeas petition (Dkt. #1) be TRANSFERRED to the United States Court of Appeals for the Ninth Circuit as a Petition for Review.

BACKGROUND AND PROCEDURAL HISTORY

Petitioners Oscar Brambila and Ernestina Brambila-Guzman are natives and citizens of Mexico. On July 21, 1992, a Portland Immigration Judge ("IJ") entered a deportation order *in absentia* against petitioners. Petitioners allege that they never received notice of the OSC, their deportation hearing, or the charges against them. Petitioners subsequently applied for adjustment of status based on petitioner Oscar Brambila's approved labor certification. The adjustment of status applications were eventually denied due to the *in absentia* deportation order entered in 1992. Following denial of their applications for adjustment of status, petitioners were placed in removal proceedings in Seattle, Washington. (Dkt. #1 at 3-4).

On December 28, 2004, while removal proceedings were pending in Seattle, petitioners moved the Portland IJ to reopen their *in absentia* deportation order based on lack of notice. On January 5, 2005, the Portland IJ denied their motion, stating that he lacked jurisdiction to reopen petitioners' deportation proceedings while removal proceedings were pending in Seattle. The Seattle IJ subsequently pretermitted petitioners relief, stating that he lacked jurisdiction to review their *in absentia* deportation order entered in Portland in 1992. (Dkt. #1 at 3-4).

In an attempt to facilitate reopening their case in Portland, petitioners waived appeal of the Seattle removal proceedings and again moved the Portland IJ to reopen their *in absentia* deportation order. However, the Portland IJ now states that he lacks jurisdiction to reopen their

REPORT AND RECOMMENDATION
PAGE – 2

*in absentia* deportation order because petitioners accepted a final order of removal from the Seattle Immigration Court. Petitioners are now subject to an order of deportation from 1992, and an order of removal in 2005. (Dkt. #1 at 3-4).

On March 25, 2005, petitioners filed, through counsel, the instant habeas petition, along with a motion for stay of removal. (Dkt. #1). The Court subsequently stayed petitioners' removal pending a decision on the merits of their claims. (Dkt. #11). On May 19, 2005, respondents moved to dismiss petitioners' habeas petition pursuant to the REAL ID Act, arguing that this Court no longer has habeas jurisdiction to review any removal order, and that exclusive jurisdiction now lies with the Ninth Circuit. (Dkt. #17 at 1). On June 3, 2005, petitioners filed a motion to transfer their case to the Ninth Circuit pursuant to § 106(c) of the REAL ID Act. (Dkt. #20).

## TRANSFER OF JURISDICTION

On May 11, 2005, the President signed into law the REAL ID Act of 2005. Two sections of the Act, §§ 101 and 106, amend § 242 of the Immigration and Nationality Act, 8 U.S.C. § 1252, which governs judicial review of removal orders. INA § 242(a)(5), 8 U.S.C. § 1252(a)(5), is now amended as follows:

> (5) EXCLUSIVE MEANS OF REVIEW.--Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e). For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms 'judicial review' and 'jurisdiction to review' include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

REPORT AND RECOMMENDATION
PAGE – 3

REAL ID Act § 106(a)(1).  This provision explicitly deprives this Court of jurisdiction under 28 U.S.C. § 2241 to review an order of removal entered under the Immigration and Nationality Act ("INA").  *See also* INA § 242(b)(9), 8 U.S.C. § 1252(b)(9)("Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this title shall be available only in judicial review of a final order under this section.  Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28, or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order [of removal] or such questions of law or fact").  Moreover, Section 106(b) of the REAL ID Act explicitly provides that Section 106(a) is retroactive: "subsection (a) shall take effect upon the date of enactment of this division and shall apply to cases in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of enactment."  REAL ID Act § 106(b).

In this action, petitioners seek review of lawfulness of their 1992 deportation order and their 2005 removal order, arguing that because they never received notice of their 1992 deportation hearing, the *in absencia* order is unconstitutional and cannot serve as the predicate to deny relief in their subsequent removal proceedings.  Petitioners' claims clearly seek judicial review of the legality of final order of deportation or removal and arise from an "action taken or proceeding brought to remove" them from the United States.  INA §§ 242(a)(5), 242(b)(9), 8 U.S.C. §§ 1252(a)(5), 1252(b)(9).  Accordingly, under the REAL ID Act, this Court no longer has jurisdiction to entertain this action.

However, the REAL ID Act provides that if any § 2241 habeas corpus case challenging

REPORT AND RECOMMENDATION
PAGE – 4

a final administrative order of removal, deportation, or exclusion is pending in a district court on the date of enactment, "then the district court shall transfer the case (or any part of the case that challenges the order of removal ...) to the [appropriate] court of appeals." REAL ID Act § 106(c).  Because the instant habeas petition was pending on the date of enactment, this action should be transferred to the Ninth Circuit Court of Appeals for resolution as a Petition for Review in accordance with Section 106(c) of the REAL ID Act.

## CONCLUSION

For the foregoing reasons, I recommend that respondents be enjoined from removing petitioners from the United States pending further order of the United States Court of Appeals for the Ninth Circuit, and that this case be transferred to the Ninth Circuit as a Petition for Review pursuant to Section 106(c) of the REAL ID Act.  A proposed Order accompanies this Report and Recommendation.

DATED this 6th day of July, 2005.

/s/ MARY ALICE THEILER
United States Magistrate Judge